IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRIDGING BIOSCIENCES, LLC,** | § § § | |
| Plaintiff, | § § | Civil Action No. 3:23-cv-00603-E |
| v. | § § | Jury Trial Demanded |
| **CONSTANCE ESCH; SYNCHROCELL REGENERATIVE TECHNOLOGIES, LLC, AND DAVID SHERLEY,** | § § § § | |
| Defendants. | § § | |

### DEFENDANT DAVID SHERLEY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant, David Sherley (hereinafter "Defendant"), and moves this Court to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In support of this Motion, Defendant states as follows:

### I.   INTRODUCTION

1. This matter was improperly brought in the Northern District of Texas as the Plaintiff, Bridging Biosciences, LLC (hereinafter "Plaintiff"), cannot establish that this Court has personal jurisdiction over the Defendant. Defendant, an individual, resident of New York, has never been in Texas for the relevant time in this matter, has never maintained offices in Texas, employees, nor engaged in any activities that would subject him to jurisdiction in the State of Texas.

### II. LEGAL STANDARD

2. Pursuant to Fed. R. Civ. P. 12(b)(2), a party may move to dismiss a complaint for lack of personal jurisdiction. The plaintiff bears the burden of establishing that jurisdiction is proper.

3. Jurisdiction in federal court requires that a defendant have such minimum contacts with the forum state that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

### III. ARGUMENT

4. Defendant David Sherley has never been to Texas, does not own any property in Texas, and has never purposefully availed himself to any activity in the State of Texas.

5. The nature of Defendant's work with the Plaintiff does not necessitate physical presence within Texas. All services provided by Defendant were performed remotely from New York. The mere fact that services provided remotely could be accessed by users in Texas does not confer personal jurisdiction, as these activities do not constitute significant contacts.

6. Defendant has not purposefully directed activities at residents of Texas or purposely availed himself of the privilege of conducting activities in Texas. Therefore, there is no basis for asserting either specific or general jurisdiction.

### IV. CONCLUSION

7. For the foregoing reasons, Defendant, David Sherley, respectfully requests that this Court dismiss the instant action for lack of personal jurisdiction and avoid a grave injustice to the Defendant.

Dated: April 22, 2024                                              Respectfully submitted,

                                              By: <u>David Sherley</u>
                                                 David Sherley
                                                 Filing Pro Se
                                                 1000 East Avenue #201
                                                 Rochester, NY 14607
                                                 E-mail: DSherley@GMail.com
                                                 Telephone: (312) 420-6018

**DEFENDANT DAVID SHERLEY'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT**
                                                                      **PAGE 3**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day I electronically filed the foregoing with the Clerk of the Court using the e-filing portal which will notify all Parties of record.

Respectfully submitted,

By: <u>David Sherley</u>
David Sherley
Filing Pro Se
1000 East Avenue #201
Rochester, NY 14607
E-mail: DSherley@GMail.com
Telephone: (312) 420-6018
